**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ARMIN VILLEDA, *et al.*, | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-08-2287 |
| LANDRY'S RESTAURANTS, INC., | § § § | |
| Defendant. | § | |

**ORDER**

The parties have submitted a stipulation of dismissal with prejudice. Rule 41(a)(1)(A)(ii) permits the parties to stipulate to dismissal "[s]ubject to . . . any applicable federal statute." Courts have held that the FLSA requires court approval of the terms under which the parties may dismiss an FLSA claim with prejudice. *Lynn's Food Stores, Inc. v. United States*, *U.S. Dep't of Labor*, 679 F.2d 350, 1353 (11th Cir.1982). "Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees. FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate." *Lynn's Food Stores,* 679 F.2d at 1352 (internal quotation marks and citations omitted). As a result, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." *Id.* at 1352. That is, "[o]ther than a . . . payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a

settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

FLSA claims may be compromised only after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). If the settlement reflects "a reasonable compromise over issues," the court may approve it. *Id.* at 1354. In this case, the parties' notice of dismissal provides no information that would allow this court to determine whether this result would be a fair and reasonable resolution of the FLSA claims. A hearing is set for **October 6, 2009, at 4:30 p.m.,** in Courtroom 11B, on the notice of dismissal with prejudice.

SIGNED on September 24, 2009, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge