IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARMIN VILLEDA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-2287 |
| | § | |
| LANDRY'S RESTAURANTS, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER APPROVING SETTLEMENT**

The plaintiffs, Armin Villeda and Ivan Olvera, sued Landry's Restaurants, Inc. on July 22, 2008. The plaintiffs alleged that Landry's did not pay overtime to hourly employees who worked more than 40 hours in a work week and worked at more than one Landry's location, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* The plaintiffs sought to represent a class of similarly situated present and former Landry's employees who worked within the relevant period. *See* 29 U.S.C. § 216. This court has not certified the suit as a collective action. Individuals gave written consent to join the suit as plaintiffs.

The plaintiffs and Landry's have agreed to settle their claims in exchange for dismissal of the multiple-location FLSA claims, with prejudice. Counsel for the plaintiffs and Landry's appeared and stated on the record the settlement terms and conditions. The settlement is limited to the multiple-location FLSA claims of the 52 present or former employees who have received notice of the amount of settlement payments from Landry's and have agreed to accept those amounts, as well as 2 other individuals whose claims were time-barred. Based on the record, the terms and conditions of the settlement, and the applicable law, this court grants the motion to approve the settlement and dismiss this case.

FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir.1982).[1] If the settlement reflects "a reasonable compromise over issues," the court may approve it. *Id.* at 1354. In this case, there are genuine disputes over backpay, liquidated damages, and attorney's fees due. This court has reviewed the settlement agreement and finds that the amounts to be paid to the present and former employees and the amount of attorney's fees provided for in the settlement agreement are fair and reasonable. This court approves the proposed settlement as a fair and reasonable compromise of a bona fide dispute under the FLSA. The motion to dismiss is granted.

Final judgment is entered by separate order.

SIGNED on October 7, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

[1] *Lynn's* requires judicial approval of a *compromise* of FLSA claims. When a defendant offers a plaintiff full compensation for her FLSA claim, no compromise is involved and judicial approval is unnecessary. *Mackenzie v. Kindred Hosps. E.*, *L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003). The settlement in this case is a compromise of disputed claims.